```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
XIONG MING LU,                                              :   **MEMORANDUM DECISION**
                                                            :   **AND ORDER**
                                    Plaintiff,              :
                                                            :    18-CV-1713 (BMC)
                - against -                                 :
                                                            :
JEFFERSON B. SESSIONS; KRISTJEN                             :
NIELSON; DISTRICT DIRECTOR THOMAS                           :
CIOPPA; DIRECTOR LEE CISSNA,                                :
                                                            :
                                    Defendants.             :
                                                            :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff, an immigrant with asylee status, brought this case under the Mandamus Act, 28 U.S.C. § 1361, seeking to compel defendants, who are officials of the immigration authorities, to adjudicate his application for an adjustment of his immigration status, along with an application his wife made in his support, and the separate asylum application of his child. On April 30, 2018, after he had commenced this action, United States Customs and Immigration Services ("USCIS") issued to plaintiff a Request for Evidence ("RFE"). Before me is defendants' motion to dismiss on the grounds that the action is moot and plaintiff has no right to relief. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

The complaint recites that plaintiff was granted asylee status on December 16, 2013. On January 7, 2015, just over one year after receiving asylum, plaintiff filed an I-485 application to adjust his status to permanent resident. His wife filed an application on his behalf the same day.

On October 21, 2014, plaintiff filed a Form I-730, Refugee/Asylee Relative Petition on behalf of his child.

During its adjudication of these applications, USCIS determined that in seeking asylum, plaintiff had relied upon an interpreter who was convicted as part of a large federal investigation into asylum fraud. The scale of that investigation is indicated by the fact that it has impacted several applicants who have brought immigration cases before this Court alone. As a result of plaintiff's connection to the investigation, and after subsequent review of his application, USCIS issued an RFE for his adjustment application, as well as his wife's. Neither plaintiff nor his wife have yet responded; they must do so by July 26, 2018. In light of plaintiff's connection to the investigation, USCIS will adjudicate plaintiff's principal application before it adjudicates his petition for his child.

## DISCUSSION

With an RFE pending, there is no role for the Court, and "[j]udicial intervention in this case would necessarily involve an intrusion into the defendants' allocation of adjudicatory resources on the whole, and that is something [the] Court is 'institutionally ill-equipped to do.'" Meixian Ye v. Kelly, No. 17 CIV. 3010, 2017 WL 2804932, at *2 (E.D.N.Y. June 28, 2017) (quoting Los Coyotes Band of Cahuilla & Cupeno Indians v. Jewell, 729 F.3d 1025, 1038 (9th Cir. 2013)). In sending the RFE, USCIS has acted in response to plaintiff's I-485 application, and this action is now moot.[1]

Furthermore, plaintiff is not entitled to mandamus relief. The Mandamus Act grants courts authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, but mandamus "is a drastic and

---

[1] Plaintiff asserts that he "should be permitted to make a meaningful response to the RFE in the allotted time . . ." Nothing in this order interferes with plaintiff's ability to respond to the RFE.

2

extraordinary remedy reserved for really extraordinary causes." Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380 (2004). The strict requirements for mandamus relief are well established. They are: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (citation and internal quotation marks omitted).

The APA, in turn, provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). It further provides that courts shall "compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004). To determine whether an agency's adjudication delay is reasonable under the APA, courts regularly apply the six factors set forth in Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) (the "TRAC factors"). They are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable . . . in the enabling statute . . . [it] may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) . . . the effect of expediting delayed action on agency activities of a higher or competing priority; (5) . . . the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Families for Freedom v. Napolitano, 628 F. Supp. 2d 535, 540 (S.D.N.Y. 2009) (quoting id. at 80).

In applying the "competing priority" TRAC factor, the Circuit Court of Appeals for the District of Columbia has held that it is appropriate to "refuse[] to grant relief, even though all the

3

other factors considered in TRAC favor[] it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (quoting In re Barr Labs., Inc., 930 F.2d 72, 75 (D.C. Cir. 1991)) (internal quotation marks omitted). The Court in Mashpee noted that there was "no evidence the agency had treated the petitioner differently from anyone else, or that officials not working on [the petitioner]'s matters were just twiddling their thumbs." Id. at 1100-01 (same). The Court approvingly noted that the district court recognized this concern when it found that "[n]ot only must [the agency] juggle competing duties . . . but the injury claimed by [the plaintiff] is applicable to all groups petitioning for [the same relief]." Id. at 1101 (quoting, 180 F. Supp. 2d at 136 (D.D.C. 2001)).

Plaintiff is not entitled to mandamus relief because he has no right to the relief requested and defendants are under no duty to act given the circumstances. Plaintiff's application has been pending for approximately four years, and while a substantial amount of time, it is not an unreasonable delay. Numerous cases have so concluded, including some from this Court. See Hoo Loo v. Ridge, No. 04-CV-5553, 2007 WL 813000, at *4 (E.D.N.Y. Mar. 14, 2007); Espin v. Gantner, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005); Saleh v. Ridge, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005).

In addition, as I have noted elsewhere, see Pesantez v. Johnson, No. 15-CV-1155, 2015 WL 5475655, at *4 (E.D.N.Y. Sept. 17, 2015), the competing-priority issue is weighty. There are many other applicants who have waited even longer than plaintiff; to grant him priority is to push them further back in line when the only difference between them is that plaintiff has brought a federal lawsuit. That factor should not give him any advantage, and his case is

4

premature. Plaintiff is not entitled to any relief based on the amount of time that has elapsed since his application.

## CONCLUSION

Defendants' motion to dismiss is granted. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      May 23, 2018